J. M. WRIGHT v. THE STATE.

No. 21429. Delivered February 26, 1941.

The opinion states the case.

*Tom L. Robinson,* of Gatesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a penalty of six months in jail for failure to stop and render aid.

On March 5, 1940, at ten minutes before four o'clock in the afternoon appellant collided with a child who had just been discharged from a school bus. The evidence shows that the driver of the bus, together with some of the children, went to the child after the collision and that the appellant stopped his car within a very few feet and returned to it and made some kind of examination of the boy. The driver of the bus asked appellant to remove his car from the road and returned to help him with the child. Instead, appellant got in his car and drove hurriedly away. At nine o'clock that night he was arrested in bed at his home in Hamilton. The sheriff who arrested him was permitted to testify, over the objection of appellant, that when he arrested the accused he was drunk and had by his bed a part of a small bottle of gin. There was also testimony in evidence that he had purchased three bottles of beer and drank one soon after noon of that day at a "honky tonk" in McGregor. He was under the influence of liquor at the time, at least to

some extent. The accident occurred a few miles east of Gatesville and between that city and McGregor.

We fail to find any issue raised by the State or by the defendant which would authorize the testimony of the drunken condition five hours after the accident. Appellant objected to the testimony and then requested the court to instruct the jury that they could not consider it for any purpose. This the court refused to do, but did give a charge to the jury saying that it was no evidence of guilt in the particular case, but was admitted for the purpose of determining "the motives and intent of the defendant at the time as to whether his acts, if any, were knowingly done, and also may be considered by you in mitigation of the punishment you may see fit to fix in the event you should find the defendant guilty."

We do not believe that the condition of the appellant revealed by the testimony five hours later could throw any light on the motives and intent of the accused at the time of the accident. There was no denial that it was knowingly done and no issue on the subject. The prosecution was for failing to stop and render assistance to the injured boy. He did stop. Consequently, the controversy is on whether or not he rendered necessary assistance. If there had been drunkenness five hours later it would not avail to aid either the State or defendant on this issue. We are also unable to understand any theory by which this evidence might be used in mitigation of the punishment under the circumstances of this case, but, to the contrary, it would most likely be prejudicial as the jury would not consider its remoteness to in any way excuse the act. Appellant would receive all of the ill effects from a knowledge of his drunkenness without its mitigating influence.

We are unable to agree with the appellant that the evidence was insufficient to warrant a conviction. He stopped and examined the boy and announced that his injuries were not serious. They, in fact, were and the nature was easily discoverable by a layman by a casual observation. His broken leg should have been discovered by anyone of ordinary intelligence who made the examination which the law contemplates, and the evidence clearly discloses a wreckless disregard for the law requiring him to give all necessary assistance.

We conclude also that appellant was not entitled to the affirmative charge requested. He did not testify in his own

behalf and we find no evidence raising affirmatively the defense which he seeks to have submitted to the jury. There is nothing in evidence to show that "It reasonably appeared to the defendant, viewed from his standpoint, that he had rendered the necessary assistance required by the apparent circumstances at that every time * * *."

While the punishment assessed is very light under the circumstances, yet, it is not within our power to say that it is what the jury would have given had the objectionable evidence not been before them with the charge which the court gave to direct them in their consideration of it.

The judgment of the trial court is reversed and the cause remanded for a new trial.